UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                              Plaintiff,                          Case No. 16-cr-20745

v                                                   Honorable Thomas L. Ludington

TRAVIS LEE KAHGEGAB,

                            Defendant.

_____/

**ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE OPINION TESTIMONY, DENYING DEFENDANT'S MOTION TO EXCLUDE OPINION TESTIMONY, GRANTING MOTION IN LIMINE, AND OVERRULING DEFENDANT'S OBJECTION TO VIDEO EVIDENCE**

    Defendant Travis Lee Kahgegab is charged with one count of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117. On February 24, 2017, a pretrial conference was held. At the conference, Kahgebab's counsel requested that a second pretrial conference be held on February 27, 2017, thus providing time for her to discuss with Kahgebab whether he intended to proceed to trial. On February 27, 2017, the second pretrial conference was held on the record. Kahgebab indicated at the conference that he intended to proceed to trial. Kahgegab's counsel further explained that the defense anticipated retaining an opinion witness.

    On February 2, 2017, the Government filed a notice of intent to have an opinion witness testify. ECF No. 8. On March 16, 2017, the Government filed a motion to exclude Kahgebab's proposed opinion witness, Dr. Norman Stanley Miller. ECF No. 20. Kahgegab likewise seeks to preclude the Government's proposed opinion witness, Holly Rosen. ECF No. 22. Several days later, Kahgegab filed a motion to preclude the Government from introducing prior bad acts of Kahgegab under Federal Rule of Evidence 404(b). Kahgegab has also objected to the

Government's notice of intent to offer video recordings of the alleged victim's interviews with police, arguing that they are inadmissible hearsay. For the reasons stated below, the Government's motion to exclude opinion witness testimony will be granted, Kahgegab's motion to exclude opinion witness testimony will be denied, Kahgegab's motion to exclude evidence of prior past acts will be granted, and Kahgegab's objection that the video recordings are hearsay will be overruled.

## I.

The Government seeks to preclude Dr. Norman Stanley Miller from testifying as an opinion witness for Kahgegab. According to Kahgegab's notice of opinion witness, ECF No. 18, Dr. Miller is "an expert witness in the area of alcoholism and substance abuse and memory and recollection of persons as well as their behavior while under influence of either." *Id.* at 1. Kahgegab asserts that Dr. Miller "will testify . . . about effects alcohol and other substances have on memory, including but not limited to impaired memory, effects on hippocampus, loss of memory (minimal recollection, recantation, no memory of certain events) and the reasons for these behaviors." *Id.* Kahgegab has not provided any information about Dr. Miller, his training and experience, or how his testimony may be of service to the jury. Kahgegab has not provided any other details about the testimony Dr. Miller intends to offer nor has he provided a summary of any findings or conclusions Dr. Miller may have recorded. Likewise, Kahgegab has not provided the scientific basis for his testimony.

The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702. That rule states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.*

"Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). Of course, "'[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'" *Id.* at 591 (quoting 3 Weinstein & Berger ¶ 702[02] p. 702–18). "A witness, lay or expert, may not form conclusions for a jury that they are competent to reach on their own." *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013). The proponent of the testimony has the burden of establishing its admissibility by a preponderance of proof. *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

Here, Kahgegab has not carried his burden of demonstrating that Dr. Miller's testimony will be helpful to the jury. The alleged victim gave two interviews to police, but now claims to have no memory of the incident. Kahgegab has asserted that the alleged victim was intoxicated during at least one of the interviews she gave to police. In unrelated briefing, Kahgegab indicates that Dr. Miller will explain "the black-out phenomenon and its impact on the human brain." Def. Mot. Limine Exclude at 2, ECF No. 21. Kahgegab explains: "[T]he defense has no intention of attacking the alleged victim's credibility; the defense will argue that the alleged victim was so intoxicated (the alleged victim's preliminary breath test results registered a .25) as to be in a black out state during her interview with police." *Id.* But Dr. Miller's proposed testimony does

- 3 -

not seem to address specialized knowledge which is outside a normal juror's realm of understanding. Technical scientific knowledge is not required to understand that alcohol can impair mental functioning. Moreover, the primary factual question for the jury does not appear to arise from the alleged victim's present inability to recall the relevant events. On the contrary, the question for the jury will be whether it should rely on her two earlier explanations to law enforcement about the incident. The jury is fully equipped to determine whether the alleged victim's intoxication during the interview is reason to disregard her statements. Absent additional information regarding the scientific testimony Dr. Miller will provide, he will not be permitted to testify as an expert. Because Kehgegab has not carried his burden of proving the admissibility of Dr. Miller's testimony, the Government's motion to prevent Dr. Miller from testifying will be granted.

## II.

Kahgegab argues in a separate motion that the Government should be barred from calling Holly Rosen as an expert. ECF No. 22. The Government asserts that Holly Rosen will testify "about her qualifications and about domestic violence including but not limited to battered women's syndrome, the cycle of violence, domestic violence power and control wheel, perpetrator tactics, common behaviors of victims of domestic violence (self-blame, minimizing, recantation, reconciliation with abuse, delay in reporting, staying with abuser, covering for the abuser), and the reasons for these behaviors." Gov't Not. Opinion Witness at 1, ECF No. 8. Behavior by victims of domestic violence can appear counter-intuitive and thus Ms. Rosen's testimony will be helpful for the jury. Kahgegab argues that past cases where Ms. Rosen was allowed to testify did not involve a complaining witness who was intoxicated at the time of the interview. Kahgegab may be able to challenge the witness's statements for that reason, but Ms.

Rosen's testimony will provide a plausible alternative explanation for the alleged victim's behavior. Rather than precluding Ms. Rosen from testifying, the best approach is to allow her to testify so that the jury can determine which explanation of the alleged victim's behavior is most persuasive.

### III.

Defendant has filed a motion to preclude the Government from introducing prior bad acts of Kahgegab. The Government has filed a notice of intent to introduce evidence of eight prior instances of assault committed by Kahgegab (in most cases, domestic assault). ECF No. 11. Kahgegab argues that this evidence is prohibited "propensity" evidence. Pursuant to Federal Rule of Evidence 404(b)(e), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of prior bad acts can be introduced in a criminal case if "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Federal Rule of Evidence 404(b)(2).

The Government argues that the prior bad acts are admissible, among other reasons, "to bolster the victim's statements to the police, to show intent, to show identity, [and] to negate the claim of accident or self-defense." Gov. Resp. 404(b) at 5, ECF No. 19. But Kahgegab asserts that he will simply argue that the assault did not occur and that the alleged victim was highly intoxicated during the first interview. Given Kahgegab's professed defenses, the prior bad acts are of limited relevance. Kahgegab indicates that he will not argue mistake, accident, or self-defense. To the extent the prior bad acts might bolster the alleged victim's credibility, their relevance is substantially outweighed by their prejudice. *See* Federal Rule of Evidence 403.

Accordingly, Kahgegab's motion in limine to exclude evidence of his prior bad acts will be granted pursuant to Federal Rule of Evidence 404 and 403.

## IV.

Finally, Kahgegab argues that the video recordings of the alleged victim's interviews with police are inadmissible hearsay. ECF No. 23. "Hearsay" means a statement that "the declarant does not make while testifying at the current trial or hearing [and which] . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Federal Rule of Evidence 801(c)(1)–(2). There are several exceptions to the rule. A statement which relates "to a startling event or condition" and which was "made while the declarant was under the stress of excitement that it caused" is not hearsay. Federal Rule of Evidence 803(2). Likewise, a recorded recollection is not hearsay. *Id.* at 803(5). Under that exception, the record must be "on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately[, must be] . . . made or adopted by the witness when the matter was fresh in the witness's memory[,] and [must] accurately reflect[] the witness's knowledge." *Id.* There is also a residual exception to the hearsay rule. A hearsay statement is not excluded if

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;

> (2) it is offered as evidence of a material fact;

> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Federal Rule of Evidence 807(a).

Kahgegab argues that the second interview, which occurred 32 hours after the incident, is not admissible as an excited utterance. The first interview was given approximately 18 minutes

after the 911 call which was placed immediately after the alleged assault. The Government contends that, in that interview, the alleged victim was crying throughout. Because the alleged victim appears to have still been experiencing the stress of the alleged assault at the time of the first interview, that interview is admissible.

The video of the second interview is admissible under the residual exception. The Sixth Circuit has provided several factors which courts should consider in determining whether testimony possesses "circumstantial guarantees of trustworthiness": "the declarant's relationship with both the defendant and the government, the declarant's motivation to testify before the grand jury, the extent to which the testimony reflects the declarant's personal knowledge, whether the declarant has ever recanted the testimony, and the existence of corroborating evidence available for cross-examination." *United States v. Barlow*, 693 F.2d 954, 962 (6th Cir. 1982).

There are several circumstantial guarantees of trustworthiness here. First, the alleged victim gave two interviews over a 32 hour period which provided a consistent description of the alleged assault. Although the alleged victim was intoxicated during the first interview, she provided the same account in the second interview, when she was sober. Given that consistency, her intoxication during the first interview does not substantially undermine the reliability of that statement. Another indicia of reliability is the fact that the interviews are recorded. Thus, there is no doubt regarding whether the alleged victim actually made the statement or what she said. The truth of the statements in the recordings is disputed, but there is no uncertainty regarding whether the alleged victim made those statements. While there might be reasons to disregard her statement, the jury is capable of determining the weight to accord to the video. Another indication of reliability is the fact that the alleged victim made the statements to police officers in

- 7 -

the context of a criminal investigation. *See United States v. Dunford*, 148 F.3d 385, 393 (4th Cir. 1998) (finding that "because these statements were made to government officials in the most serious context of the arrest of their father," there was indicia of trustworthiness).

Kahgegab argues that the statements are inadmissible because the alleged victim has now recanted. That is a factor weighing against the reliability of the statements. However, recantations are not uncommon in domestic violence cases. The alleged victim is married to Kahgegab and wants the charge dismissed. Given their relationship, the alleged victim's support for her husband is not surprising. But the reasons why the alleged victim now supports Kahgegab also suggest that the initial two police reports would not have been made without cause. *See United States v. Ortiz*, 34 M.J. 831, 833 (A.F.C.M.R. 1992) (a military court admitting under the residual hearsay exception a note by a wife handwritten who refused to testify at trial, explaining that "[s]pouse abuse usually occurs in private and away from the public eye" and that "[i]t is in the interest of justice to admit out-of-court statements from abused spouses" when the statements have indicia of reliability). The videos are admissible.

## V.

Accordingly, it is **ORDERED** that the Government's motion to exclude opinion testimony, ECF No. 20, is **GRANTED.**

It is further **ORDERED** that the Defendant's motion to exclude opinion testimony, ECF No. 22, is **DENIED.**

It is further **ORDERED** that the Defendant's motion in limine, ECF No. 21, is **GRANTED.**

It is further **ORDERED** that the Defendant's objection to admission of the video recordings, ECF No. 23, is **OVERRULED.**

Dated: April 3, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 3, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager